A COMPLAINT UNDER THE CIVIL RIGHTS ACT,
42 U.S.C. 1983

04-60953

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIV-MARRA
MAGISTRATE JUDGE
WHITE

ALLEN PHILLIPS,
120301753
Plaintiff,

v.

COMPLAINT

JURY TRIAL DEMANDED

Lesley Washecka, Frank Maio, Dennis James, Daniel O larte, sued in their individual capacities, and Edward McCardle, Ken Jenne, John Doe #1, the County of Broward, John Doe #2, and John Doe #3 sued in their individual and official capacities

cat/div BRO 1983 Broward
Case # 0:04cv60953
Judge MARRA Mag PAW
Motn Ifp yes Fee pd $
Receipt #

I. This is a Civil Rights action filed by Allen Phillips, A Detainee being held for Trial in The Broward County Jail system, for damages and injunctive relief Under 42 U.S.C. §1983, alleging excessive use of force

and denial of Medical care in violation of the Eight Amendment to the United States Constitution. Violation of Due Process Clause of The Fourteenth Amendment to The United States Constitution, Violation of The right To be secure in Their persons, houses, papers and effects, against unreasonable search and seizures, shall not be violated and no warrant shall issue, but upon probable cause supported by oath or affirmation and particulary describing the place To be searched, and the persons or Things To be seized in violation of the Fourth Amendment of the United States Constitution.

The Plaintiff also alleges the torts of Assault and Battery and negligence.

II. 1. The Court has jurisdiction over the plaintiff's claims of violations of federal Constitutional rights

under 42 U.S.C. §§ 1331 (a) and 1343.

2. The Court has Supplemental jurisdiction over the Plaintiffs state law Tort claims under 28 U.S.C. § 1367.

III Parties

1. The Plaintiff, Allen Phillips was placed in custody and is presently located at the North Broward Bureau of The Broward County Jail, 1550 North Blount Road, Pompano Beach, Florida 33069. Mailing Address P.O. Box 407037 Ft. Lauderdale, FL. 33340.

2. Lesley Washecka, Frank Maio, Dennis James and Daniel Olarte are Deputy's employed with The Broward County Sheriff's Office, 2601 West Broward Blvd, Fort Lauderdale, Fl. 33310. They are sued in Their

individual capacities.

3. Defendant Edward McCardle is a Deputy Sgt. employed with The Broward County Sheriff's Office At 2601 West Broward Blvd, Ft. Lauderdale, Fl. 33310 and is in charge of the supervision of the above mentioned Deputy's; Washecka, Maio, James and Olarte. He is sued in his individual and official capacity.

4. Defendant John Doe #1 is a Deputy employed by The Broward County Sheriff's Office and is responsible for the Training of Broward County Deputy's. He is sued in his individual and official capacities

5. Defendant Ken Jenne is the Sheriff for Broward County Employed At 2601 West Broward

Blvd. Ft. Lauderdale, Fl. 33310, and is responsible for The actions of Deputy's employed by Broward Sheriff's Office. He is sued in his individual and official capacities.

6. Defendant Broward County which is located in the State of Florida and is responsible for the actions of the Training and Directives set forth to be followed by those employed by and for the County. The County is sued in it's official capacity.

7. Defendant John Doe #2 a Medical Doctor employed At The Broward County Jail responsible for The Treatment of inmates in custody At The Broward County Main Jail. He is sued in his individual and

official capacities.

8. Defendant John Doe #3 A medical Doctor employed by the Broward County Sheriff Jail responsible for The Treatment of inmates in custody At The North Broward Bureau of The County Jail system. He is sued in his individual and official capacities.

IV Statement of Claim

On November 19 2003 At Approximately 12:30 Am The Plaintiff arrived At his residence located at 225 SW 1ST terrace, Deerfield Beach, FL. 33441.

Upon arriving at Home the Plaintiff took a shower, Then Turned off all the lights in his residence and laid down to go to sleep on his Couch covered

by a sheet.

About an hour or an hour and a half later the Plaintiff was awakered by The sound of a dog barking. He then realized That The police were at the window at which this was because They were putting a Dog in the window.

The Plaintiff said I surrender and repeated it Three or four Times. As The Plaintiff was repeating this A Deputy was now entering through The window. The Deputy (James) went and opened The front door and allowed Another Deputy (Olarte) in The Plaintiff's residence.

Deputy Olarte Than Brought The K-9 (Marus) over

To the Plaintiff who is still on the couch and yelled at him. The Plaintiff yelled back "I give up".

At this Point the Plaintiff was being attacked by the K-9 (manus) who was biting the Plaintiff on his left ankle, it hurt so bad that the Plaintiff screamed several times again "I give up, I give up"

The Plaintiff At this point grabbed the K-9's mouth To Try and free himself.

At this time The Plaintiff recalls The Deputy's grabbed his arms, Thinking That the dog would be called of of him at This Time. when The K-9 was not called off and unable To use his arms At this Time To free himself from The intense pain being caused by The K-9 (manus) the

Plaintiff bit The K-9 (manus)

Now The Deputy's James and Olarte began To Kick and beat The Plaintiff on his ribs, head and his face. The Plaintiff is now at This Time scared That this was The end for him, That his life was going to end now.

He struggled To free himself from The beating he was receiving, somehow The Plaintiff pulled free and Tried To get away from the K-9 (manus), when The K-9 (manus) bit him again This time on his right arm around The forearm and on his shoulder areas, Then on his Right leg.

The Plaintiff then yelled at The Deputy's as They Started beating him again. The Plaintiff yelled "your doing

me wrong" yelling this over and over again, Trying To free himself swinging his arms and legs wildley and Trying To bite The K-9 back.

The Deputy's James, Olarte and a Third one now, Deputy Maio were still Kicking the Plaintiff, it felt like They were using a stick (flex-baton) on The Plaintiff.

The Plaintiff blacked out at some point durning his intense beating by The Deputy's James, Olarte and Maio. because when he woke up he was now in handcuffs as the Deputy's are walking around him kicking him.

The Plaintiff noticed A fourth Deputy (Washecka) now in the room as one of the others was saying things

like "that'll Teach you."

As the Beatings Took Place by the Three male Deputy's, Deputy Lesley Washecka Just looked on and failed To intervene in any manner. Her negligence in not Trying to put an end to this excessive use of force from Taking Place shows that she was in approval of The behavior of The other Deputy's.

At this Point in time The Deputy's Placed the Plaintiff in The back of The Patrol car, arguing amongst Themselves it looked like, They proceeded To Take The Plaintiff To The emergency Room At North Broward Medical Center To receive Treatment for the wounds The Plaintiff sustained from the beating.

At The North Broward Medical Center the Plaintiff received Treatment for multiple bruises, abrasions and contusions. Medications were prescribed and After care ordered. The Plaintiff was Transported To the Main Jail, where he was seen by John Doe #2 a Doctor on staff at the Broward County Jail The medications prescribed by The Physician at The Hospital were not administered To The Plaintiff and no Treatment was afforded To the Plaintiff

On November 20th 2003 The Plaintiff was Transported To the infirmary at The North Broward Bureau of the County Jail System. When The Doctor John Doe #3 failed to Comply with The Physicians orders from North Broward Medical Center, The Plaintiff submitted numerous request for Medical

Treatment To no avail.

The Plaintiff Continues To complain about headaches and pain in his legs, Arms, hand, and ribs yet no Type of Treatment or Therapy has been ordered. The only Thing The Doctor John Doe #3 has done is prescribed A mild Pain Medication.

As A Result of This incident Broward County and Broward County Sheriffs office charged The Plaintiff with The charge's of 4 Counts of Aggravated Battery on a law Enforcement officer.

The Charges are a result of The Plaintiff Trying To defend himself from the excessive use of force used by The Deputy's Maio, James and Olarte.

Sheriff's Office and The Doctors At The Jail all are responsible for The Plaintiff care.

The Plaintiff submitted numerous medical request and still has had no further after care or Treatment and although he complains his condition has gotten worse no futher tests have been conducted.

John Doe #2 and John Doe #3 are The Doctor's responsible for seeing that inmates are properly Treated while incarcerated At The Jail.

A concern arises to conditions like The ones sustained by The Plaintiff, That without proper Treatment and physical Therapy he risks permanent disability.

## V CLAIMS FOR RELIEF

1 The actions of defendants Maio, James, Olarte and Washecka in using excessive physical force against The plaintiff without need or provocation or in failing To intervene To prevent The misuse of force, were done maliciously and sadistically and constituted cruel and unusual punishment in Violation of The Eighth Amendment To the Constitution of The United States.

2. The actions of defendants Maio, James and Olarte in using excessive physical force against The plaintiff without need or provocation constituted The Tort of assault and battery under the law.

3. The failure of defendants McCardle and Jenne to take disciplinary or other action to curb the known pattern of physical abuse of arrestees by defendants Maio, James and Olarte constituted deliberate indifference and contributed to and proximately caused the above described violation of Eighth Amendment rights and assault and battery.

4. The actions of defendant McCardle in refusing to investigate allegations against plaintiff and with no evidence to support the charges and providing inadequate written disposition of the charges, denied the plaintiff the due process of law in violation of the Fourteenth Amendment to the United States

Constitution.

5. The action of defendants Maio, James and Olarte in entering the residence of the plaintiff through a window without a warrant or probable cause violated the plaintiff's Fourth Amendment right to be secure in their persons, houses, papers and effects against unreasonable search and seizures

6. The Training of defendants by John Doe #1 in the use of excessive force assisted the defendants in committing the Tort of battery upon the plaintiff.

7. The failure of defendants Broward County, John Doe 2 and John Doe 3 to provide follow-up examination and treatment of his injuries, and physical

Therapy for his injuries, and Therapy for his mental anguish constitutes deliberate indifference To the plaintiff's serious medical needs in violation of the Eighth Amendment of the United States Constitution.

8. The failure of defendants Broward County, John Doe 2 and John Doe 3 To provide follow-up examination and Treatment of his injuries and physical therapy for his injuries constitutes the Tort of negligence under the law.

VI Relief Requested

WHEREFORE, Plaintiff requests that The Court grant The following relief:

A. Issue a declaratory judgment stating that:

1. The physical excessive use of force of the plaintiff by the defendants Maio, James and Olarte violated the plaintiff's rights under the Eighth Amendment To the United States Constitution and Constituted an assault and battery under state law.

2. Defendant Washecka's failure To Take action To curb The excessive physical abuse of the Plaintiff violated the plaintiff's rights under the Eighth Amendment To the United States Constitution and Constituted an assault and battery under State law.

3. Defendants McCardle and Jenne's actions in allowing charges To be brought against The plaintiff and Taking no action against defendants Maio, James

Olarte and Washecka violated the plaintiff's rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

4. Defendant John Doe 1's Training Techniques of the use of excessive force to the defendants Miao, James, and Olarte constituted negligence under State law.

5. Defendants Broward County, John Doe 2 and John Doe 3's actions in failing to provide adequate medical and mental care for the plaintiff violated and continues to violate the plaintiff's rights under the Eighth Amendment to the United States Constitution.

B. Issue an injunction ordering defendants Broward

County, John Doe 2 and John Doe 3 or their agents To:

1. Immediately arrange for the plaintiff's injuries To be examined, by a qualified physician outside The employment of the Broward County Jail system.

2. Immediately arrange for The plaintiff's need for physical and mental Therapy or other follow-up medical Treatment To be evaluated by a medical practitioner with expertise in The Treatment and restoration of The Plaintiff's needs.

3. Carry out without delay the Treatment directed by such medical practitioner.

C. Issue an injunction ordering defendant

Broward County and Jenne To:

1. Release The Plaintiff from Custody, with dismissal of All charges brought against him.

2. Expunge The charges described in This Complaint from The plaintiff's record.

D. Award Compensatory Damages in The follow amounts:

1. $400,000 Jointly and severally against defendants Maio, James, Olarte and Washecka for the physical and emotional injuries sustained as a result of the Plaintiff's beating.

2. $30,000 jointly and severally against defendants McCardle, Jenne, and John Doe 1 for the punishment and emotional injuries resulting from their denial

of due process and negligence in connection with the plaintiff's proceedings.

3. $100,000 Jointly and severally against defendants John Doe 2 and John Doe 3 for the physical and emotional injuries resulting from their failure To provide adequate medical care to the plaintiff.

4. $500,000 against defendants Broward County for The physical and emotional injuries resulting from The failure To provide adequate medical care To plaintiff.

E. Award punitive damages in The following amounts:

1. $20,000 each against defendants Maio, Jones, Olarte and Washecka;

2. $10,000 each against defendants McCardle, Jenne and John Doe 1;

3. $20,000 each against defendants John Doe 2 and John Doe 3;

4. $250,000 against defendant Broward County

F. Grant such other relief as it may appear that the Plaintiff is entitled.

Signed This day of July, 2004.

Allen Phillips
Signature of Plaintiff

UNDER PENALTIES OF PERJURY, I declare that I have prepared and read the foregoing document and the facts therein are true and correct as stated.

Allen Phillips
Print Name

STATE OF FLORIDA
COUNTY OF BROWARD

Sworn to or affirmed and signed before me on the 11 day of July 2004.

Louis Diamond
NOTARY PUBLIC

Louis Diamond
Commission # DD079935
Expires Dec. 20, 2005
Bonded Thru
Atlantic Bonding Co., Inc.
Stamp or Seal